United States District Court
Southern District of Texas

**ENTERED**
June 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOSUE JONHATAN LOPEZ-CARRION,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-04682** |
| | § | |
| **TODD BLANCHE,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |
| | § | |

## ORDER

Before the Court is Petitioner Josue Jonhatan Lopez-Carrion's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 5). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

### I.    BACKGROUND

Respondents did not dispute the following facts. Petitioner is a 28-year-old citizen of Nicaragua who has lived in the United States for 24 years, since entering in 2002. ECF No. 1 at 1, 4. Petitioner graduated from high school in Texas and has strong family ties to this country. Four of Petitioner's siblings are U.S. citizens. *Id.* at 5. Petitioner was previously convicted of a DWI and a Class A theft misdemeanor. *Id.*; ECF No. 5 at 2. Petitioner was taken into ICE custody on May 28, 2026. *Id.* He was issued a Notice to Appear (NTA) in removal proceedings before an immigration judge (IJ) on the same day. *Id.* The NTA charged Petitioner with being subject to removal under INA § 212(a)(6)(A)(1) as "an alien present in the United States without being admitted or paroled." *Id.*

1 / 4

## II.    ANALYSIS

At the outset, the Court agrees with Respondents that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2) under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). However, the Court concludes that § 1225(b)(2) violates the Fifth Amendment's Due Process Clause as applied to Petitioner.

The Court recently addressed a nearly identical set of facts in *Salvador Rodriguez v. Frink*, --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 709487 (S.D. Tex. Mar. 13, 2026) (Ellison, J.). In that case, this Court found that the petitioner's ongoing mandatory detention violated her substantive due process rights because the "detention [did] not 'bear a reasonable relation to the purpose for which she was committed.'" *Salvador Rodriguez*, 2026 WL 709487 at *10 (quoting *Demore v. Kim*, 538 U.S. 510, 527 (2003)). For the reasons articulated in that case, the Court reaches the same conclusion here. The Due Process Clause does not permit the government to "detain any noncitizen, no matter how long they have actually lived in the United States, for any length of time, without any individualized justification, [merely because] that person initially entered the country without lawful admission." *Id*.

## III.    REMEDY

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

In this case, Petitioner has been deprived of his liberty in violation of the Due Process Clause for 25 days, after living in the United States for over 24 years, since Petitioner was approximately 4 years old. Given the severity of this ongoing unconstitutional deprivation of

liberty, the Court concludes that immediate release from custody is required. The Court joins other Courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his detention"); *Gonzalez v. Joyce*, No. 25 CIV. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025) (ordering release because "[a bond] hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases).

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within **48 hours**.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify his counsel or next friend of the time and place of his release **no less than three hours** prior to his release from custody.

3. Respondents must return all personal property to Petitioner upon release, including all identity documents such as a social security card, Employment Authorization Document, driver's license, and/or passport.

4. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent notice and a hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community. Respondents

3 / 4

similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before June 25, 2026**, informing the Court of the status of Petitioner's release.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on June 22, 2026.


Keith P. Ellison
United States District Judge